IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MANUELA M. ROSS and
DAVID A. ROSS,

    Plaintiffs,

v.                            Civil Action No. 5:18CV101
                                       (STAMP)
ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
REGARDING OBJECTIONS TO EXHIBITS AND MOTIONS IN LIMINE**

On October 7, 2019, the parties in the above-styled civil action,[1] plaintiffs Manuela M. Ross and David A. Ross ("plaintiffs") and defendant Erie Insurance Property and Casualty Company ("Erie"), appeared by counsel for a supplemental pretrial conference.[2] At the supplemental pretrial conference, this Court pronounced its rulings on the parties' respective objections to trial exhibits as well as the defendant's ten pending motions in limine.

This memorandum opinion and order confirms this Court's pronounced rulings made at the supplemental pretrial conference and

---

[1]For a more thorough background of this civil action, see ECF No. 63.

[2]At the supplemental pretrial conference, this Court granted the defendant's unopposed request to reschedule the trial date in this civil action from October 29, 2019 to November 19, 2019. ECF No. 72.

discusses the parties' objections to trial exhibits and the defendant's motions in limine, in turn, below.

### I. Objections to Trial Exhibits

As an initial matter, this Court confirms its pronounced ruling that all exhibits to which there was no objection are deemed admitted. Further, this Court confirms its pronounced rulings on the parties' respective objections to exhibits as stated below.

A. Plaintiffs' Objections to Defendant's Exhibits (ECF No. 61)

1. Exhibit No. 11 — Objection Sustained

Plaintiffs filed an objection to defendant's Exhibit No. 11, a May 18, 2016 letter from plaintiffs' counsel to Mr. Eric Paugh of Erie Insurance, arguing that the exhibit is not complete in that it does not contain the "enclosed" Medical Specials Index. In response, defendant agreed to supplement this exhibit under Federal Rule of Evidence 106 and the rule of completeness to include the materials originally enclosed along with the letter. By agreement of the parties, the plaintiffs' objection is sustained.

2. Exhibit No. 14 — Objection Sustained

Plaintiffs filed an objection to defendant's Exhibit No. 14 arguing that the exhibit is not complete in that it does not contain the plaintiffs' complete responses to defendant's interrogatories and requests for production of documents. Plaintiffs request the defendant supplement the exhibit, only to a degree of relevancy to avoid an overly voluminous and burdensome

exhibit, by adding the Medical Specials Index and the Medical Records Index with corresponding bills. In response, defendant agreed to supplement this exhibit under Federal Rule of Evidence 106 and the rule of completeness to include the materials requested by plaintiffs and to remove the cover letter to the Clerk of the Circuit Court of Marshall County, West Virginia. By agreement of the parties, the plaintiff's objection is sustained.

 3. <u>Exhibit No. 17 — Objection Sustained</u>

Plaintiffs filed an objection to defendant's Exhibit No. 17, a February 14, 2017 letter from plaintiffs' counsel to Erie's counsel, arguing that the exhibit is not complete in that it does not contain the "enclosed" Medical Specials Index. In response, defendant again agreed to supplement this exhibit under Federal Rule of Evidence 106 and the rule of completeness to include the materials originally enclosed along with the letter. By agreement of the parties, the plaintiffs' objection is sustained.

 4. <u>Exhibit No. 20 — Objection Sustained</u>

Plaintiffs filed an objection to defendant's Exhibit No. 20, the Circuit Court of Marshall County, West Virginia Scheduling Conference Order in the underlying action, arguing that the exhibit is not relevant under Federal Rule of Evidence 401. In response, defendant agreed that the Scheduling Conference Order from the underlying state court action does not need to be admitted into evidence as the defendant can elicit testimony from witnesses at

trial as evidence of the pertinent dates and events in the underlying action. By agreement of the parties, the plaintiffs' objection is sustained.

5. <u>Exhibit No. 21 — Objection Overruled</u>

Plaintiffs filed an objection to defendant's Exhibit No. 21, a letter dated August 22, 2017 from Thomas S. Muzzonigro, M.D. to Erie's counsel, arguing that the exhibit is misleading and "gives a false impression to the jury" that Dr. Muzzonigro was "unbiased" because it is "improperly labeled" as an "independent medical evaluation" rather than a Report of Rule 35 examination. Upon consideration, this Court finds that the "labeling" of defendant's exhibit will not present an issue as it can be addressed by plaintiffs and clarified during examination at trial. Accordingly, the plaintiffs' objection is overruled.

6. <u>Exhibit No. 26 — Objection Sustained</u>

Plaintiffs filed an objection to defendant's Exhibit No. 26, the "Release Agreement" from the underlying action, arguing that the exhibit "invades the province of the Court" in that it deals with the release of plaintiffs' claims. Upon consideration, this Court finds that, at this time, introducing the Release Agreement from the underlying action as an exhibit is not necessary as the parties' are in agreement as to what claims remain in this civil action, and clarification of this issue, if necessary, can be

4

achieved by trial testimony and even argument. Accordingly, the plaintiffs' objection is sustained.

B. <u>Defendant's Objections to Plaintiffs' Exhibits (ECF No. 62)</u>

    1. <u>Exhibit Nos. 39 and 41 — Objections Sustained</u>

Defendant filed an objection to plaintiffs' Exhibit Nos. 39 and 41, the Circuit Court of Marshall County, West Virginia Order of Default Judgment on Liability against Kevin Strope in the underlying action and the Circuit Court of Marshall County, West Virginia Judgment Order entered in the underlying action, arguing that these exhibits are not relevant to the claims against Erie and would be misleading and confusing to a jury and prejudicial to Erie. Upon consideration, as previously stated in this Court's memorandum opinion and order regarding summary judgment (ECF No. 63 at 7 n.1), this Court finds that the judgment entered against the tortfeasor, Kevin Strope, in the underlying action occurred after Erie's settlement with the plaintiffs, as the result of a bench trial to which Erie was not a party, and accounted for a deduction in the amount of $75,000.00 as a result of plaintiffs' settlement with Erie. Thus, contrary to the position taken by plaintiffs, this Court finds that the judgment order entered against Kevin Strope is not relevant and, alternatively, any relevancy would be outweighed by unfair prejudice, confusion of the issues, and unnecessary delay of trial under Federal Rule of Evidence 403. Accordingly, the objections are sustained.

### 2. Exhibit No. 45 — Objection Sustained As Framed

Defendant filed an objection to plaintiffs' Exhibit No. 45, a Quarterly Report by Erie filed with the United States Securities and Exchange Commission, arguing that to the extent this exhibit will be offered to show Erie's net worth, evidence regarding Erie's net worth is not relevant to the claims against Erie in this matter and this exhibit would be misleading and confusing to a jury and prejudicial to Erie. Upon consideration, this Court finds that the exhibit related to the defendant's net worth is not relevant under Federal Rule of Evidence 401, particularly in light of this Court's previous ruling in its memorandum opinion and order granting defendant's motion for summary judgment as to plaintiffs' claim for punitive damages. ECF No. 63 at 19. Accordingly, the objection is sustained as framed.[3]

## II. Motions in Limine

Now before the Court are ten pending motions in limine filed by the defendant: (1) Motion in Limine Regarding Intangible Damages (ECF No. 30); (2) Motion in Limine Regarding Golden Rule Type Arguments (ECF No. 31); (3) Motion in Limine to Prohibit Reference to Defendant's Wealth (ECF No. 32); (4) Motion in Limine Requesting that the Court Prohibit an Award of Prejudgment Interest or, in the Alternative, Proffer a Special Interrogatory to the Jury Regarding

---

[3]Should this Court be inclined to reconsider its ruling on punitive damages based upon the evidence adduced at trial, this Court's ruling on this issue may be reconsidered.

Prejudgment Interest (ECF No. 33); (5) Motion in Limine to Preclude Reference to Evidence of the Out-of-State Conduct of Defendant (ECF No. 34); (6) Motion in Limine to Preclude Reference to Evidence or Argument Related to the Injuries Sustained or Fault Relative to the Underlying Motor Vehicle Accident (ECF No. 35); (7) Motion in Limine to Bifurcate Claims at Trial (ECF No. 36); (8) Motion in Limine to Preclude Reference to Opinions or Other Attempts to Classify Erie or the Insurance Industry as Unsavory (ECF No. 37); (9) Motion in Limine to Preclude Reference to Evidence of the Judgment Against Kevin Strope (ECF No. 38); and (10) Motion in Limine to Preclude Evidence Regarding Total Defense Expenses and "Ross 004021" (ECF No. 53).

This Court has reviewed the motions and the memoranda and exhibits submitted by the parties and pronounced its rulings on the pending motions in limine at the supplemental pretrial conference. This Court will address the motions in limine and set forth its findings in confirming its pronounced rulings, below.

1. <u>Motion in Limine Regarding Intangible Damages (ECF No. 30) — GRANTED</u>

Defendant filed a motion in limine to preclude plaintiffs' counsel and plaintiffs from suggesting to the jury in voir dire, opening statement, closing argument or at any point during the trial of this matter, a dollar figure for intangibles and damages not quantified by expert testimony and/or special damages. As this

Court noted at the supplemental pretrial conference, plaintiffs did not file a response in opposition to this motion in limine. Therefore, this Court deemed the motion unopposed and granted the motion. Accordingly, the motion in limine regarding intangible damages (ECF No. 30) is GRANTED.

2. <u>Motion in Limine Regarding Golden Rule Type Arguments (ECF No. 31)</u> — GRANTED

Defendant filed a motion in limine for entry of an order prohibiting plaintiffs, plaintiffs' counsel, or any witness from testifying, arguing, or suggesting that the jury should place themselves in the position of the plaintiffs. As this Court noted at the supplemental pretrial conference, plaintiffs did not file a response in opposition to this motion in limine. Therefore, this Court deemed the motion unopposed and granted the motion. Accordingly, the motion in limine regarding golden rule type arguments (ECF No. 31) is GRANTED.

3. <u>Motion in Limine to Prohibit Reference to Defendant's Wealth (ECF No. 32)</u> — GRANTED AS FRAMED

Defendant filed a motion in limine for entry of an order to prohibit any mention or reference directly or indirectly by argument of counsel or through the testimony of any witness or any fact relating to the wealth of defendant Erie. ECF No. 32. Defendant argues that the wealth of Erie is irrelevant for purposes of proving any fact of consequence in this litigation and should be

excluded in that defendant's wealth has no probative value with respect to the reasonableness or timeliness of defendant's decision to settle plaintiffs' claims. Id. at 1. Plaintiffs filed a response in opposition (ECF No. 43). Upon review, at this time and based on the law of the case, the parties are not permitted to make any mention of punitive damages and this Court further finds that the defendant's net worth is not relevant under Federal Rule of Evidence 401 in light of this Court's previous ruling in its memorandum opinion and order granting defendant's motion for summary judgment as to plaintiffs' claim for punitive damages. ECF No. 63 at 19. Accordingly, the motion in limine to prohibit reference to defendant's wealth (ECF No. 32) is GRANTED AS FRAMED.[4]

4. <u>Motion in Limine Requesting that the Court Prohibit an Award of Prejudgment Interest or, in the Alternative, Proffer a Special Interrogatory to the Jury Regarding Prejudgment Interest (ECF No. 33)</u> — GRANTED AS FRAMED

Defendant filed a motion in limine requesting that the Court prohibit any award of prejudgment interest in the absence of out-of-pocket expenses due to plaintiffs' contingency fee agreement with plaintiffs' counsel or, in the alternative, proffer a special interrogatory to the jury asking the jury to set forth special or liquidated damages for the purpose of attaching prejudgment

---

[4] Should this Court be inclined to reconsider its ruling on punitive damages based upon the evidence adduced at trial, this Court's ruling on this issue may be reconsidered.

9

interest on any special damage award. ECF No. 33. After discussion, and by agreement of the parties, this Court finds that a special interrogatory would be appropriate in this case. Further, the parties have previously been directed to meet and confer in an attempt to reach an agreement regarding the issue of any special interrogatories regarding a potential prejudgment interest calculation in this matter, should it be necessary. ECF No. 72 at 2. Accordingly, the motion in limine regarding a potential award of prejudgment interest is GRANTED AS FRAMED.

5. <u>Motion in Limine to Preclude Reference to Evidence of the Out-of-State Conduct of Defendant (ECF No. 34) — GRANTED</u>

Defendant filed a motion in limine for entry of an order prohibiting plaintiffs' counsel in voir dire, opening statement, closing argument or at any point during the trial of this matter, including but not limited to, via witnesses, documentary evidence or expert testimony, from producing, submitting or referring to any and all evidence of the out-of-state activities of Erie. As this Court noted at the supplemental pretrial conference, plaintiffs did not file a response in opposition to this motion in limine. Therefore, this Court deemed the motion unopposed and granted the motion. Accordingly, the motion in limine to preclude out-of-state conduct of the defendant (ECF No. 34) is GRANTED.

6. <u>Motion Limine to Preclude Reference to Evidence or Argument Related to the Injuries Sustained or Fault Relative to the Underlying Motor Vehicle Accident (ECF No. 35) — GRANTED</u>

Defendant filed a motion in limine for entry of an order prohibiting plaintiffs' counsel in voir dire, opening statement, closing argument or at any point during the trial of this matter, including but not limited to, via witnesses, documentary evidence or expert testimony, from producing, submitting or referring to any and all evidence of the injuries allegedly sustained by plaintiffs as a result of the motor vehicle accident that occurred on September 24, 2016, or from arguing or otherwise litigating the value of the damages that were allegedly sustained by plaintiffs as a result of such accident. Plaintiffs filed a response in opposition (ECF No. 42). Upon review, this Court finds that for substantially the same reasons stated in this Court's memorandum opinion and order regarding summary judgment (ECF No. 63 at 7 n.1), and reiterated in this Court's ruling on defendant's objections to plaintiffs' trial exhibits above, fault or liability for the underlying accident or the value of the injuries suffered by plaintiffs as a result of the underlying motor vehicle accident are not at issue in this civil action. This Court again finds that the judgment entered against the tortfeasor, Kevin Strope, in the underlying action occurred after Erie's settlement with the plaintiffs, as the result of a bench trial to which Erie was not a

party, and accounted for a deduction in the amount of $75,000.00 as a result of plaintiffs' settlement with Erie. Thus, contrary to the position taken by plaintiffs, this Court finds that the judgment order entered against Kevin Strope in the underlying accident is not relevant and, alternatively, any relevancy would be outweighed by unfair prejudice, confusion of the issues, and unnecessary delay of trial under Federal Rule of Evidence 403. Accordingly, the motion in limine to preclude reference to evidence or argument related to the injuries sustained or fault relative to the underlying motor vehicle accident (ECF No. 35) is GRANTED.

7. <u>Motion in Limine to Bifurcate Claims at Trial (ECF No. 36) — GRANTED</u>

Defendant filed a motion in limine for entry of an order bifurcating the claims at trial separating the liability and compensatory damages from a punitive damages phase. As this Court noted at the supplemental pretrial conference, this Court has previously granted defendant's motion for summary judgment on plaintiffs' claim for punitive damages and plaintiffs did not file a response in opposition to this motion in limine. Therefore, this Court deemed the motion unopposed and granted the motion. Accordingly, the motion in limine for entry of an order bifurcating the claims at trial separating the liability and compensatory damages from a punitive damages phase (ECF No. 36) is GRANTED.

12

8. <u>Motion in Limine to Preclude Reference to Opinions or Other Attempts to Classify Erie or the Insurance Industry as Unsavory (ECF No. 37) — GRANTED</u>

Defendant filed a motion in limine for entry of an order prohibiting plaintiffs' counsel in voir dire, opening statement, closing argument or at any point during the trial of this matter, including but not limited to, via witnesses, documentary evidence or expert testimony, from producing, submitting or referring to any and all subjective opinions regarding Erie and/or the insurance industry and to refrain from any attempt to classify Erie and/or the insurance industry as unsavory, scandalous, duplicitous, evil, or otherwise generally objectionable, including but not limited to general and unsupported references with respect to the collection of premiums by insurance companies and the subsequent "failure" to pay claims. As this Court noted at the supplemental pretrial conference, plaintiffs did not file a response in opposition to this motion in limine. Therefore, this Court deemed the motion unopposed and granted the motion. Accordingly, the motion in limine to preclude reference to opinions or other attempts to classify Erie or the insurance industry as unsavory (ECF No. 37) is GRANTED.

9.  <u>Motion in Limine to Preclude Reference to Evidence of the Judgment Against Kevin Strope (ECF No. 38) — GRANTED</u>

Defendant filed a motion in limine for entry of an order prohibiting plaintiffs' counsel in voir dire, opening statement, closing argument or at any point during the trial of this matter, including but not limited to, via witnesses, documentary evidence or expert testimony, from producing, submitting or referring to any and all evidence of the judgment against Kevin Strope. Plaintiffs filed a response in opposition (ECF No. 41). Upon review, for substantially the same reasons stated in this Court's memorandum opinion and order regarding summary judgment (ECF No. 63 at 7 n.1), and reiterated in this Court's ruling on defendant's objections to plaintiffs' trial exhibits above, this Court finds that evidence related to the judgment against Kevin Strope in the underlying action is properly excluded. Accordingly, the motion in limine to preclude reference to evidence of the judgment against Kevin Strope (ECF No. 38) is GRANTED.

10. <u>Motion in Limine to Preclude Evidence Regarding Total Defense Expenses and Ross 004021 (ECF No. 53) — DEFERRED</u>

Defendant filed a motion in limine for entry of an order preventing plaintiffs' counsel from offering evidence or argument regarding Erie's total defense expenses and "ROSS 004021." Plaintiffs filed a response in opposition. ECF No. 60. Upon review, this Court finds that a ruling on defendant's motion in

limine to preclude evidence regarding defense expenses and "Ross 004021" must be deferred at this time, as this Court finds it appropriate to reserve a ruling on the motion to further consider the parties' arguments related to inadvertent disclosure, confidential communications, and privilege with respect to the use of evidence regarding total defense expenses and "Ross 004021" at trial. Accordingly, the motion in limine (ECF No. 53) is DEFERRED and this Court will reserve a ruling on the motion until it has further opportunity to review the document "Ross 004021."

Accordingly, Motion in Limine Regarding Intangible Damages (ECF No. 30) is GRANTED; Motion in Limine Regarding Golden Rule Type Arguments (ECF No. 31) is GRANTED; Motion in Limine to Prohibit Reference to Defendant's Wealth (ECF No. 32) is GRANTED AS FRAMED; Motion in Limine Requesting that the Court Prohibit an Award of Prejudgment Interest or, in the Alternative, Proffer a Special Interrogatory to the Jury Regarding Prejudgment Interest (ECF No. 33) is GRANTED AS FRAMED; Motion in Limine to Preclude Reference to Evidence of the Out-of-State Conduct of Defendant (ECF No. 34) is GRANTED; Motion in Limine to Preclude Reference to Evidence or Argument Related to the Injuries Sustained or Fault Relative to the Underlying Motor Vehicle Accident (ECF No. 35) is GRANTED; Motion in Limine to Bifurcate Claims at Trial (ECF No. 36) is GRANTED; Motion in Limine to Preclude Reference to Opinions or Other Attempts to Classify Erie or the Insurance Industry as

Unsavory (ECF No. 37) is GRANTED; Motion in Limine to Preclude Reference to Evidence of the Judgment Against Kevin Strope (ECF No. 38) is GRANTED; and Motion in Limine to Preclude Evidence Regarding Total Defense Expenses and Ross 004021 (ECF No. 53) is DEFERRED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 15, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
